J. B. MOSBY & CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2781.   Promulgated April 6, 1927.

The petitioner and the Richmond Holding Corporation were affiliated during the taxable period and the taxable years involved.

*R. E. Cabell, Esq.*, and *James H. Rindfleish, C. P. A.*, for the petitioner.
*J. Harry Byrne, Esq.*, for the respondent.

The Commissioner has asserted deficiencies in income and profits taxes for the period from January 1 to January 31, 1918, inclusive, and for the fiscal years ended January 31, 1919 and 1920, in the respective amounts of $757.42, $1,207.05, and $2,339.35. The only issue is whether the petitioner and the Richmond Holding Corporation were affiliated and entitled to make a consolidated income and profits-tax return for each of the taxable periods involved.

## FINDINGS OF FACT.

The petitioner is a Virginia corporation with its principal office in Richmond, where it is engaged in the mercantile business. During the taxable periods it had outstanding 860 shares of capital stock of the par value of $100, each.

The Richmond Holding Corporation is a Virginia corporation, with its principal office in Richmond. Its only business is owning and renting a five-story building to the petitioner. Its capital stock is divided into shares of the par value of $100, each. It had outstanding at January 31, 1918, 1,734 shares; at January 31, 1919, 1,858 shares; and, at January 31, 1920, 1,840 shares.

During the taxable period and taxable years the stock of the two corporations was held as follows:

| Stockholders. | At January 1, 1918. | | At January 31, 1918. | | At January 31, 1919. | | At January 31, 1920. | |
|---|---|---|---|---|---|---|---|---|
| | J. B. Mosby & Co. | Richmond Holding Corporation. | J. B. Mosby & Co. | Richmond Holding Corporation. | J. B. Mosby & Co. | Richmond Holding Corporation. | J. B. Mosby & Co. | Richmond Holding Corporation. |
| E. A. Dietrich | 355 | 4 | 355 | 17 | 355 | 24 | 355 | 75 |
| G. C. Dietrich, Jr. | 355 | 25 | 355 | 60 | 355 | 68 | 355 | 99 |
| E. G. Hulcher | 150 | 5 | 150 | 7 | 150 | 10 | 150 | 28 |
| J. B. Mosby & Co. | | 1,000 | | 1,000 | | 1,106 | | 925 |
| Pauline E. Dietrich | | 100 | | 100 | | 100 | | 120 |
| Pauline E. Dietrich, Agent | | | | | | | | 30 |
| E. A. Dietrich, trustee | | | | | | | | 13 |
| M. M. Kirschmann | | 100 | | 100 | | 100 | | 100 |
| Amelia L. Mattern | | 100 | | 100 | | 100 | | 100 |
| Augusta F. Kohler | | 100 | | 100 | | 100 | | 100 |
| E. A. Bromm | | 100 | | 100 | | 100 | | 100 |
| Lewis Schoolhouse | | 100 | | 100 | | 100 | | 100 |
| Peter H. Mayo | | 50 | | 50 | | 50 | | 50 |
| Totals | 860 | 1,684 | 860 | 1,734 | 860 | 1,858 | 860 | 1,840 |

The Richmond Holding Corporation had outstanding only common stock. J. B. Mosby & Co., Inc., had outstanding certain preferred stock which had no voting rights.

E. A. Dietrich and G. C. Dietrich, Jr., are brothers; Pauline E. Dietrich is the wife of E. A. Dietrich; M. M. Kirschmann, Amelia L. Mattern, and Augusta F. Kohler are sisters of Pauline E. Dietrich; E. A. Bromm is a brother-in-law of E. A. Dietrich;

Lewis Schoolhouse is a friend of E. A. Dietrich; and Peter H. Mayo owned the land upon which the building of the Richmond Holding Corporation was erected, and accepted 50 shares of the stock of such company as part payment thereof. During all the time involved in this controversy, E. A. Dietrich, George C. Dietrich, Jr., and E. G. Hulcher, were president, vice president, and secretary-treasurer, respectively, of both corporations, and during such time the two companies were operated as a single business enterprise.

At the date of the incorporation of the Richmond Holding Corporation, the stock thereof was subscribed for in conformity with a verbal agreement that it should be controlled and voted by E. A. Dietrich. All the stockholders of the holding company who were not owners of stock of the petitioner gave proxies to E. A. Dietrich, authorizing him to vote their stock at all stockholders' meetings. There was also a verbal agreement that E. A. Dietrich guaranteed both the principal and dividends at the rate of 5 per cent per annum of the stock of the holding company. It was a condition of the stock subscription that 5 per cent per annum should be paid as dividends on the outstanding stock of the holding company, and that the interest at the same rate should be paid on a mortgage through which the additional money needed for construction was secured.

The petitioner caused the Richmond Holding Corporation to be incorporated for the sole purpose of acquiring ground and erecting a building to be used for its business premises. It adopted this plan because, for reasons connected with its credit standing, it did want to take the assets and liabilities created by building operations into its own accounts and balance sheets.

The petitioner and the Richmond Holding Corporation made consolidated income and profits-tax returns for each of the periods here involved. Upon audit the Commissioner disallowed consolidation and asserted the deficiencies here in question.

OPINION.

LANSDON: The evidence is conclusive that substantially all of the stock of the petitioner and of the Richmond Holding Corporation was owned or controlled by closely affiliated interests. The two corporations were entitled to make a consolidated return for the taxable period and each of the taxable years in question. *Appeal of Midland Refining Co.*, 2 B. T. A. 292; *Appeal of Wright Cake Co.*, 2 B. T. A. 58.

> *Judgment for the petitioner will be entered on 10 days' notice, under Rule 50.*